# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PHUONG QUOC PHUNG,

Petitioner,

v.

J. JOHNSON,

Respondents.

Case No. 5:26-cv-01394-MRA-DTB

**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING IMMEDIATE RELEASE FROM CUSTODY [2]**

Before the Court is Petitioner's Motion for a Temporary Restraining Order ("TRO") pending adjudication of his Petition for Writ of Habeas Corpus (the "TRO Application"). ECF 2. Petitioner seeks his immediate release from custody. *Id.* at 4. Petitioner also requests that the Court enjoin Respondent from transferring him outside the Central District of California and from removing him outside the United States. *Id.* The Court read and considered the moving papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the TRO Application in part, **ORDERS** Respondents to release Petitioner forthwith, and **ENJOINS** his further detention unless and until he is provided proper due process necessary for the revocation of an Order of Supervision ("OSUP").

## I. BACKGROUND

Petitioner Phuong Quoc Phung ("Petitioner") filed this habeas petition *pro se* on March 23, 2026. ECF 1. The petition alleges as follows:

Petitioner is a native and citizen of Vietnam. *Id.* at 2. On June 1, 1993, Petitioner entered the United States with his family through the Orderly Departure Program as part of the refugee resettlement process. *Id.* In 2012, Petitioner was convicted of possession of a controlled substance for sale and served approximately six months in jail. *Id.* Later that year, an immigration judge ordered Petitioner removed to Vietnam. *Id.* Petitioner was placed in immigration custody from July 2012 to November 2012 and was subsequently released on an Order of Supervision ("OSUP"). *Id.*

In 2023, Petitioner was convicted of assault and sentenced to three years in custody. *Id.* Petitioner served 13 months before being released in January 2025 and placed on parole. *Id.* On December 16, 2025, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") during a meeting with his parole officer. *Id.* Petitioner is currently detained at the Adelanto ICE Detention Facility in Adelanto, California. *Id.*

In the instant TRO Application, Petitioner requests that the Court enjoin Respondent J. Johnson, Warden of the Adelanto ICE Detention Facility, from continuing to detain him. ECF 2 at 4. Petitioner also requests that the Court enjoin Respondent from transferring

him outside the Central District of California and removing him outside the United States. *Id.*

The Court ordered Respondent to file a response to the TRO Application by March 27, 2026. ECF 6. Respondent did not file a response. Thus, the TRO Application is unopposed.

## II. DISCUSSION

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is substantively the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).

The authority of ICE to detain noncitizens subject to final orders of removal derives from 8 U.S.C. § 1231, which directs the Attorney General to cause the removal of any noncitizen from this country within 90 days of any order of removal. 8 U.S.C. § 1231(a)(1). Once that time passes, however, and it is determined that "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The non-citizen must be released on appropriate terms of supervision. 8 U.S.C. § 1231(a)(3).

Citing *Zadvydas*, Petitioner argues that he has been detained for an aggregate period of more than six months and should be released because it is unlikely that he will be removed to Vietnam. ECF 1 at 5-9. In *Zadvydas v. Davis*, the Supreme Court held that

the post-removal-period detention scheme contains "an implicit 'reasonable time' limitation." 533 U.S. at 682. That is, "the statute, read in light of the Constitution's demands, limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States. It does not permit indefinite detention." *Id.* at 689. The Court prescribed that the "presumptively reasonable" period of detention is six months. *Id.* at 701. "The six-month period set out in *Zadvydas* 'does not reset when the government detains an alien . . . , releases him from detention, and then re-detains him again.' Instead, courts within the Ninth Circuit 'appear to uniformly aggregate detention periods, even over the span of decades.'" *Sundeep Singh v. James Janecka*, No. 5:26-CV-00671-SPG-AJR, 2026 WL 712826, at *5 (C.D. Cal. Mar. 9, 2026) (internal citations omitted). However, 8 CFR § 241.13(i)(1) provides that where a noncitizen violates a condition of release, they "may be continued in detention for an additional six months."

The Court construes Respondent's wholesale failure to respond to the TRO Application as consent to granting the Application. The government does not oppose Petitioner's immediate release from custody and Petitioner is therefore likely to succeed in showing that there is no significant likelihood of his removal in the reasonably foreseeable future. *See id.* Respondent presents no defense or explanation for its actions despite freedom from detention being "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Moreover, Respondent does not dispute that "[d]eprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citing *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). As for the final *Winter* factors, the balance of equities and the public interest weigh in favor of granting the TRO because it would be neither equitable nor in the public interest to deprive Petitioner of his freedom when the government presents no defense or justification for his detention.

Petitioner seeks an order prohibiting his transfer outside this district. ECF 2 at 4. Petitioner's Application does not substantively explain why such relief is warranted.

Nevertheless, because the Court orders Petitioner's immediate release, it need not address this question at this time.

Petitioner also requests that the Court enjoin Respondent from removing him. ECF 2 at 4. As an initial matter, the Court lacks subject matter jurisdiction over Petitioner's request. *See Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) (holding that 8 U.S.C. § 1252(g) prohibits the court from reviewing a challenge to the Attorney General's exercise of discretion to execute a final order of removal). Moreover, while there is no present indication that the government will seek to remove Petitioner to a third country, any efforts to do so must comport with the applicable statutes and regulations as well as Petitioner's due process rights. *See* 8 U.S.C. § 1231(b)(3)(A)*;* 28 C.F.R. § 200.1; 8 C.F.R. § 208.16-18, 1208.16-18; *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1142968, at *3 (D. Mass. Apr. 18, 2025) ("[T]hird-country removals are subject to the same mandatory protections that exist in removal or withholding-only proceedings.").

The Court exercises its discretion and waives the bond requirement under Rule 65(c), because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO or presented any evidence demonstrating that a bond is needed.

## III. CONCLUSION

For the foregoing reasons, the **unopposed** TRO Application is **GRANTED** in part. The Court **ORDERS** as follows:

1. Petitioner shall be **IMMEDIATELY RELEASED** from custody pursuant to the same terms as his preexisting OSUP;
2. Respondents shall file reliable proof within **two (2) days** of this Order that Petitioner has been served with his Order and has been released from custody;
3. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP;
4. Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not be issued. *See* L.R. 65-1. Respondents shall file any

written response to the Order to Show Cause no later than **April 6, 2026. Failure to file a response will be deemed consent to the issuance of the preliminary injunction.** Upon receipt of Respondents' response, the Court may order Petitioner to file a reply if necessary. If the parties agree that the TRO should be converted into a preliminary injunction and/or that dismissal of the habeas petition is warranted because the relief sought is now moot, they shall file a joint stipulation no later than **April 6, 2026**. The Court will order an OSC hearing only if necessary.

This TRO shall take immediate effect and expire within 14 days. The TRO may be extended for good cause or upon Respondents' consent.

**IT IS SO ORDERED.**

Dated: April 1, 2026

[signature]

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE