UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

PHUONG QUOC PHUNG,

               Petitioner,

               v.

J. JOHNSON, Warden Adelanto ICE Detention Facility, Adelanto, California,

               Respondent.

Case No. 5:26-cv-01394-MRA -DTB

**ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Amended Report and Recommendation of the United States Magistrate Judge.   Objections to the Amended Report and Recommendation have been filed herein.

The Amended Report and Recommendation ("Report") recommends that Petitioner be released from immigration custody and that Respondent be enjoined from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter.  (ECF No. 24.)

1

Respondent objects that one of the Report's recommended remedies, a pre-detention hearing before a neutral arbiter if Petitioner is re-arrested in the future, exceeds the narrow scope of habeas corpus.  (ECF No. 26 at 3-6.)  Petitioner is subject to a final order of removal and was released on an order of supervision ("OSUP") in 2012.  (ECF No. 13-1 at 2; ECF No. 18-1 at 2.)  "Any alien who has been released under an [OSUP] under this section who violates any of the conditions of release may be returned to custody[.]"  8 C.F.R. § 241.13(i)(1).  "Upon revocation [of an OSUP], the [noncitizen] will be notified of the reasons for revocation of his or her release," and there will be "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.13(i)(3).

The record shows that Petitioner was notified of the reasons for the revocation of his release and that he was given an opportunity to respond.  (ECF No. 13-3 at 2; ECF No. 13-4 at 2; ECF No. 18-1 at 10, 13.)  Given these circumstances, "the Court finds it sufficient to order that, if Respondents revoke [Petitioner's] OSUP and re-detain him in the future, they must fully comply with the procedures set forth in 8 C.F.R. § 241.13(i), including a meaningful opportunity for [Petitioner] to know and contest the basis for the revocation."  *Le v. Bondi*, __ F. Supp. 3d__, 2026 WL 309239, at *6 (W.D. Wash. Feb. 5, 2026).  The Court finds it unnecessary to determine at this time whether a pre-detention hearing would be required before an immigration judge.  *See id.*  Moreover, if Respondents obtain travel documents from Petitioner's home country such that Petitioner's final order of removal is executable, these would be legally sufficient circumstances justifying arrest without notice in advance.  *See Manish S. v. Chestnut*, 2026 WL 1102926, at *2 (E.D. Cal. Apr. 23, 2026) (citing cases).

Respondent objects that the Government has met its burden under *Zadvydas v. Davis*, 533 U.S. 678 (2001), to warrant Petitioner's continued detention.  (ECF No. 26 at 7-9.) The record shows that Petitioner has been detained, in the aggregate,

for longer than six months and that Respondent requested travel documents from Vietnam in January 2026 with no response. (ECF No. 18-1 at 3.) Given these circumstances, the Court agrees with the Report that Petitioner has shown good reason to believe there is no significant likelihood he will be removed to Vietnam in the reasonably foreseeable future. *See Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186, 1189-90 (W.D. Wash. 2006) (finding that Petitioner showed removal was not likely in reasonably foreseeable future when he was detained for eight months and the consulate stated that case was still under review pending a decision). Although Respondent claims it submitted another request for travel documents in April 2026 (ECF No. 26 at 9), this is insufficient to rebut Petitioner's showing. *See Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006) (showing not rebutted by Government's assertion it "has followed upon its request for travel documents from [the foreign country] and done all it can"); *Revenko v. Bondi*, 2025 WL 4070027, at *2 (W.D. Wash. Dec. 29, 2025) (showing not rebutted by Respondents' claim "they are actively working on procuring a travel document," which "is a statement applicable to all removal cases"). Thus, relief under *Zadvydas* is warranted.[1]

Having made a *de novo* determination of those portions of the Amended Report and Recommendation to which objections have been made, the Court concurs in part with the findings, conclusions and recommendations of the Magistrate Judge.

---

[1] In an earlier order, the Court noted that "8 C.F.R. § 241.13(i)(1) provides that where a noncitizen violates a condition of release, they 'may be continued in detention for an additional six months.'" (ECF No. 8 at 4.) The parties failed to present any argument for what effect, if any, this regulation may have on this case. Instead, Respondent has not disputed that Petitioner has been detained for an aggregate period exceeding six months. (ECF No. 13 at 9; ECF No. 18 at 4; ECF No. 26 at 7.) Accordingly, the Court "will not consider other possible grounds that Respondent[] did not assert." *Sarwari v. Wamsley*, 2026 WL 279968, at *7 (W.D. Wash. Feb. 3, 2026) (declining to consider alternative grounds for immigration detention that the Government did not argue).

IT THEREFORE IS ORDERED that Judgment be entered: (a) Ordering Petitioner's immediate release from custody on his previous conditions of supervision; and (b) enjoining Respondent and his officers, agents, employees, attorneys and persons acting on his behalf in concert or in participation with him, from: (i) redetaining Petitioner without compliance with 8 C.F.R. § 241.13(i) and 8 U.S.C. § 1231; and (ii) removing Petitioner to any country other than Vietnam without appropriate notice and an opportunity to be heard in accordance with the applicable immigration regulations.

DATED: May 15, 2026

MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

4